**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

VOSKI CHALIKYAN,

               Petitioner,

v.

WILLIAM P. BARR, Attorney General,

               Respondent.

</td><td>

No. 16-70463

Agency No. A096-489-386

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2019[**]
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,[***] District Judge.

Petitioner Voski Chalikyan timely seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") denial

of relief from removal. Applying the legal standards applicable to applications

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

filed before passage of the REAL ID Act, Garcia-Milian v. Holder, 755 F.3d 1026, 1031 n.2 (9th Cir. 2014), we deny the petition.

1. Substantial evidence supports the adverse credibility determination. See Bhattarai v. Lynch, 835 F.3d 1037, 1042 (9th Cir. 2016) (holding that we review adverse credibility determinations for substantial evidence). The IJ found—and the BIA agreed—that Petitioner testified inconsistently about the location of an August 2001 assault and abduction. That inconsistency goes to the heart of her claim. See, e.g., Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir. 2007) (holding that "inconsistent testimony regarding the details of her abduction . . . go[es] to the heart of her claim").

Petitioner initially testified, clearly and with elaboration, that the incident occurred at her residence; but she later testified, with equal clarity, that the incident occurred at her pharmacy. The location of the incident was integral to her account, because the perpetrators destroyed the contents of the pharmacy and demanded that she sell expired medications. Accordingly, the BIA was not required to believe her implausible explanation that she was confused because her pharmacy and her house were located within blocks of each other. Our decision in Soto-Olarte v. Holder, 555 F.3d 1089, 1091–92 (9th Cir. 2009), does not require a different result because, unlike in Soto-Olarte, Petitioner's explanation here was not plausible.

See, e.g., <u>Rizk v. Holder</u>, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation, or <u>if the alien fails to provide a plausible explanation</u>, the IJ may properly rely on the inconsistency as support for an adverse credibility determination. An IJ is not obliged to provide a protracted written or oral analysis of the alien's proffered explanation." (emphasis added) (citations omitted)).

Because one of the reasons for the adverse credibility determination goes to the heart of Petitioner's claim and is supported by substantial evidence, we do not consider the remaining reasons. <u>See</u> <u>Wang v. INS</u>, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

2. The BIA and the IJ applied the correct legal standards to Petitioner's claim under the Convention Against Torture, and substantial evidence supports the denial of that relief. <u>See</u> <u>Cerezo v. Mukasey</u>, 512 F.3d 1163, 1166 (9th Cir. 2008) (holding that we review de novo claims of legal error); <u>Riera-Riera v. Lynch</u>, 841 F.3d 1077, 1079 (9th Cir. 2016) (reviewing for substantial evidence the denial of CAT relief).

**Petition DENIED.**

3